**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION, et al, | : : : : : | |
| Plaintiffs, | : : | Civil No.: 22-00541 (RBK-EAP) |
| v. | : : | **OPINION** |
| UNION ORGANIZATION FOR SOCIAL SERVICES, | : : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

Trustees of The United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health and Welfare Fund have moved for default judgment against Union Organization for Social Services pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, the Court DENIES Plaintiffs' Motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs in this action are the Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health & Welfare Fund ("the Fund"). In addition, the Fund itself is a Plaintiff. We refer collectively to the Trustees and the Fund as "the Plaintiffs." The Fund is a labor-management trust fund organized and operated pursuant to a trust agreement and Collective Bargaining Agreements in accordance with the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(c)(5). (ECF No. 1 ("Compl.") ¶ 4). The Fund is an

1

employee benefit plan and multiemployer plan within the meaning of section 3 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(3), 1002(37). (*Id.*). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. § 185. (*Id.* ¶ 8).

Plaintiffs bring this action on behalf of themselves and on behalf of Fund participants and beneficiaries, as authorized under the LMRA. (*Id.* ¶¶ 4, 7). Plaintiffs assert one cause of action against Defendant for failure to remit contributions to the Fund in accordance with the Collective Bargaining Agreement (the "Agreement") between Defendant and the United Food and Commercial Workers Union Local 360. (*Id.* ¶ 12). The Agreement requires Defendant to make fringe benefit contributions for eligible participants on a timely basis. (*Id.* ¶ 13). Plaintiffs allege Defendant "failed to remit and/or has only remitted a portion of the required contributions to Plaintiff Fund for the benefits of its employees for the period of time, including but not limited to, December 2020 through March 2021." (*Id.* ¶ 14). Plaintiffs also allege a fringe benefit delinquency for plan years 2016 through 2018. (*Id.* ¶ 15).

Plaintiffs sent a demand letter to Defendant seeking payment of the delinquent contributions and penalties on November 11, 2021. (ECF No. 12, Ex. K). On February 3, 2022, Plaintiffs filed the Complaint in this action, seeking an order requiring Defendant to pay contributions for all outstanding periods; interest on the delinquent contributions at the rate provided by Section502(g) of ERISA, 29 U.S.C. § 1132(g); liquidated damages as provided by Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and attorneys' fees and costs. (*Id.* at 5). Plaintiffs also seek an injunction requiring Defendant to perform all obligations to the Fund under the Agreement. (*Id.*).

Plaintiffs hired a process server to serve the Defendant at the registered address of its Registered Agent, Robert Schiavanato, which Plaintiffs obtained from a New Jersey Business Entity Report. (ECF No. 12 at 2). However, the process server reported to Plaintiffs on March 21, 2022, that it was unable to serve Schiavanato at that address because the address did not exist. (*Id.*, Ex. E). The process server again attempted to serve at the same address on April 1, 2022 but was unsuccessful. (*Id.*). An individual named Joanne Fitzgerald authorized an "advanced search" to locate the Defendant on April 14, 2022. (*Id.*). The authorization form states that investigative work would be performed by Spartan Detective Agency. (*Id.*). On April 20, 2022, the process server reported to Plaintiffs that a "corporate search" on the Defendant was "diligently conducted," but that the attempts to locate a registered agent or a managing agent on behalf of the corporation, as well as a current address for the corporation, had been unsuccessful. (*Id.*).

In addition to attempting and failing to serve Schiavanato at the address listed on the New Jersey Business Entity Report, counsel for Plaintiffs performed a search on Lexis Nexis for Schiavanato's personal address and instructed the process server to serve Schiavanato at that address. (ECF No. 12 at 2). On March 13, 2022, the process server attempted and failed to serve Schiavanato at his personal address because he was "evading" service. (*Id.*, Ex. F). On May 22, 2022, the process server reported that its multiple further attempts to serve Schiavanato at his personal address had failed. (*Id.*). The process server reported that there was a "car in its numbered spot" and "other cars . . . in the driveway" of the home. (*Id.*). Moreover, the server reported that "lights [were] on" and "people [were] inside" the home, but "no one ever answers the door." (*Id.*).

On June 7, 2022, Plaintiffs served Defendant by personally serving the New Jersey Department of Treasury. (ECF No. 12 at 2–3). This method of service on a corporate defendant is authorized by New Jersey Revised Statutes Section 2A:15-30.1(b), which provides:

> If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served on the State official or agency, if:
>
> (1) The business entity has failed to register or re-register as required by law; or
>
> (2) The business entity has failed to maintain a registered address or a registered agent in this State for service of process, as required by law.

Defendant has not filed a responsive pleading or otherwise made an appearance in this matter. Plaintiffs filed a request for default on August 13, 2022, and the Clerk of this Court entered default on August 24, 2022. Plaintiffs filed the instant Motion to Enter Default Judgment on November 28, 2022 (ECF No. 8) and submitted a brief in support of the Motion on January 3, 2023 (ECF No. 12).

## II.   LEGAL STANDARD

### A.  Default Judgment under Rule 55(b)(2)

Federal Rule of Civil Procedure 55(b)(2) allows a district judge, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. When a party defaults, the factual allegations of the complaint will be taken as true except those relating to damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005). The Third Circuit has emphasized that while default judgments are within the discretion of the court, they are not favored. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). The court prefers disputes to be adjudicated on their merits. *Hill v. Williamsport Police Dep't*, 69 Fed. Appx. 49, 51 (3d Cir. 2003).

Before granting default judgment, the Court must first determine whether it has both subject matter jurisdiction over Plaintiffs' cause of action and personal jurisdiction over

Defendant. *U.S. Life Ins. Co. in City of New York v. Romash*, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010). Next, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc.*, 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015). In deciding whether default judgment is proper, we must consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195).

## III.   ANALYSIS

### A.  The Court's Jurisdiction

This Court has subject matter jurisdiction over Plaintiffs' cause of action and has personal jurisdiction over Defendant. We have subject matter jurisdiction over Plaintiffs' cause of action pursuant to ERISA, 39 U.S.C. § 1132(e)(1) and (f), and pursuant to the Labor Management Relations Act, 29 U.S.C. § 185. (*See* Compl. ¶ 1). We also have subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under ERISA and the LMRA. We have personal jurisdiction over the Defendant because Defendant maintains its principal place of business in New Jersey. (ECF No. 1 ¶ 9). The Defendant has sufficient contacts with New Jersey for this Court to exercise personal jurisdiction over it.

### B.  Proper Service

Next, we must determine whether Plaintiffs properly served Defendant. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no

proper service of the complaint is, *a fortiori,* void[.]"). The party "asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

Proper service is governed by Federal Rule of Civil Procedure 4. To serve a corporate defendant within the United States, a plaintiff must serve either in accordance with state law in the state where the district court is located or where service is made, or "by delivering a copy of the summons and complaint to an officer . . . or other agent authorized . . . to receive service of process and . . . by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). Service must be made within 90 days after filing the complaint. "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, an extension of time to serve may be permitted under certain circumstances. "The determination whether to extend time [under Rule 4(m) of the Federal Rules of Civil Procedure] involves a two-step inquiry." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); see also *Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020). First, "if the plaintiff shows good cause for the failure" to serve within the time limit, a court is required to extend the time for service "for an appropriate period." Fed. R. Civ. P. 4(m). Second, even if good causes is not shown, "other factors may warrant an extension of time for service," although the decision to grant an extension absent good cause is up to the court's discretion. *Chiang v. U.S. Small business Admin.*, 331 Fed. Appx. 113, 116 (3d Cir. 2009).

Plaintiffs effectuated service on Defendant by personally serving the New Jersey Department of Treasury in accordance with state law on June 7, 2022, satisfying the requirements of Rule 4(h). See N.J. Stat. § 2A:15-30.1(b)(1). New Jersey allows service to the Department of

Treasury when a defendant is a "business entity [that] has failed to register, or re-register as required by law." *Id.* Plaintiffs assert that this mode of service was permissible here because Defendant's entity status was revoked in 2016 for failure to file annual reports required by law. (ECF No. 12, Ex. C). We agree and find the method of service used was proper under state law.

However, Plaintiffs failed to satisfy Rule 4(m)'s time limit for service. Plaintiffs filed their complaint on February 3, 2022. (ECF No. 1). Plaintiffs finally effectuated service through the New Jersey Department of Treasury on June 7, 2022, 124 days after the complaint was filed. (ECF No. 12, Ex. H). Accordingly, we must determine whether to grant Plaintiffs a retroactive extension of time for service pursuant to Rule 4(m).

### i.   Mandatory Extension for Good Cause

An extension of time to serve must be granted if good cause exists. *Davis*, 962 F.3d at 116. Good cause "'requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Mathies v. Silver*, 450 Fed. Appx. 219, 222 (3d Cir. 2011) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). In determining whether good cause exists, "a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomm. Corp.,* 71 F.3d at 1097. Courts typically consider "(1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed." *Id.*

We begin by noting that Plaintiffs' brief in support of its Motion for Default Judgment makes no mention of the 90-day time limit nor their failure to meet it, and consequently the brief does not expressly provide "reasons for not complying with the time limit" as required by *MCI*

7

*Telecomm. Corp.* (See generally ECF No. 12). However, the brief does provide a description of Plaintiffs' several attempts at serving Defendant. This description allows us to infer that Plaintiffs assert they failed to meet the Rule 4(m) time limit because Defendant's business address was no longer active and Defendant's registered agent evaded service. (*Id.* at 2).

  The factors weigh against a finding of good cause. First, we find Plaintiffs' efforts to serve Defendant unreasonable. Although Plaintiffs made some reasonable attempts to serve within the 90-day limit, Plaintiffs received notice on April 20, 2022, that a detective agency had been unable to locate an active business address or a registered or managing agent for the Defendant. (ECF No. 12, Ex. E). Plaintiffs were also aware at this time that the process server had attempted and failed to serve Schiavanato at his personal address. (*Id.*, Ex. F). Thus, within 76 days of filing the Complaint, Plaintiffs had sufficient knowledge to know that Defendant was not maintaining an active business address as required by New Jersey law and could be served by personal service to the New Jersey Department of Treasury pursuant to New Jersey Revised Statutes Section 2A:15-30.1(b). Yet, Plaintiffs waited 48 more days before serving the Department of Treasury. Moreover, Plaintiffs never moved for an enlargement of time to serve. Plaintiffs provide no explanation for why they waited until June 7, 2022, to serve the Department of Treasury, nor do they explain why they failed to move for an enlargement of time.

  Second, a retroactive extension would cause prejudice to Defendant because an extension of time would allow us to enter judgment against Defendant based solely on the validity of the claims in the Complaint. Moreover, it is the Third Circuit's "well-established policy" to disfavor default judgments and err on the side of litigating disputes their merits. *Husain v. Casino Control Com'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008) (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988)).

Finally, Plaintiffs' claims, or at least the majority of them, are not at risk of being barred by the relevant statute of limitations. Plaintiffs' cause of action, which is a breach of contract claim for failure to perform under the Agreement, carries a six-year statute of limitations. N.J.S.A. 2A:14-1; see also *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 61 (1981) (courts apply analogous state law statutes of limitations for LMRA claims); *Mirza v. Insurance Administrator of America, Inc.*, 800 F.3d 129 (3d Cir. 2015) (same as to ERISA claims). Plaintiffs allege Defendants failed to remit contributions for the period from December 2020 through March 2021. (Compl. ¶ 14). The statute of limitations will not bar these claims. Plaintiffs also claim that they discovered a fringe benefit delinquency for the years 2016 through 2018. (*Id.* at ¶ 15). It is not clear what portion of these delinquent contributions would be barred by the statute of limitations because Plaintiffs have not identified the alleged date of breach in their pleadings. However, as only a small portion of Plaintiffs' claims are at risk of being barred by the statute of limitations, this factor weighs against a finding of good cause for a retroactive extension of time to serve. We conclude that good cause does not exist and we are not required to extend Plaintiffs' time to serve under Rule 4(m).

### ii.    Discretionary Extension

Next, we consider whether to exercise our discretion to extend time in this case. In making this determination, a court should consider "several factors, including whether the statute of limitations would foreclose the plaintiff from re-filing, whether the defendant attempted to evade service, and any other relevant equitable considerations." *Mathies v. Silver*, 450 Fed. Appx. 219, 222 (3d Cir. 2011) (citing *Petrucelli*, 46 F.3d at 1305 (3d Cir. 1995)). Other factors a court may consider include whether Defendant received actual notice of the legal action and whether the

9

defendant would be prejudiced by an extension of time to serve. See *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. Appx. 113, 116 (3d Cir. 2009).

The factors weigh against granting a discretionary extension. As discussed above, the statute of limitations will not prevent Plaintiffs from refiling their complaint. There is no evidence that Defendant has received actual notice of this action against it. As we stated above, an extension would prejudice Defendant's ability to defend itself on the merits. While there is some evidence that Defendant attempted to evade service, and we are sympathetic to Plaintiffs' difficulties in effectuating service, Defendant's conduct did not prevent Plaintiffs from serving the Department of Treasury within the 90-day time limit, nor did Defendant's conduct prevent Plaintiff from moving for an enlargement of time to serve. Absent an explanation for Plaintiffs' failure to serve on time or move for an extension, we decline to exercise our discretion to grant an extension of time to serve.

A motion for default judgment requires that Plaintiffs effectuate proper service. See *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535–36 (D.N.J. 2008). Because Plaintiffs have not effectuated proper service and this Court declines to grant an extension of time for Plaintiffs to do so, Plaintiff's motion for default judgment must be denied.

## IV.   CONCLUSION

Because Plaintiffs failed to timely serve Defendants, Plaintiffs' Motion for Default Judgment is **DENIED** without prejudice. Plaintiffs' Complaint is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m). An order follows.


Dated:   6/6/2023                                s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge

10